UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

JOHN P.,[1]

                Plaintiff,

       v.

COMMISSIONER, Social Security
Administration,

                Defendant.

Case No. 3:21-cv-01482-MK

**OPINION
AND ORDER**

_____

**KASUBHAI,** United States Magistrate Judge:

      Plaintiff John P. seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for supplemental security income ("SSI") and disability insurance benefits ("DIB") under the Social Security Act (the "Act"). This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). All parties have consented to allow a Magistrate Judge to enter final orders and judgment in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). *See* ECF No. 5. For the reasons below, the Commissioner's final decision is REVERSED and this case is REMANDED for additional administrative proceedings.

---

[1] In the interest of privacy, the Court uses only the first name and last name initial of non-government parties whose identification could affect Plaintiff's privacy.

## PROCEDURAL BACKGROUND

Plaintiff filed applications for SSI and DIB in May 2019, initially alleging a disability onset date of June 23, 2010. Tr. 14.[2] His applications were denied initially and upon reconsideration. Tr. 63–76, 77–85, 90–103, 104–119. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held in January 2021. Tr. 145. At the hearing, through his attorney, Plaintiff amended his alleged disability onset date to May 29, 2019, the protective filing date of his application and voluntarily withdrew his DIB claim. Tr. 14, 40–41. On February 24, 2021, the ALJ issued a decision finding Plaintiff not disabled. Tr. 11–35. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 1–7. This appeal followed.

## FACTUAL BACKGROUND

Plaintiff was 38 years old on his amended alleged onset date. Tr. 246. Plaintiff completed school through the tenth grade and has past relevant work experience as a stock clerk. Tr. 27, 268. Plaintiff alleged disability based on back problems, sciatica, anxiety, frequent nausea, low IQ, and obesity. Pl.'s Br. 2, ECF No. 14.

## LEGAL STANDARD

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court

---

[2] "Tr." citations are to the Administrative Record. ECF No. 11.

must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

The initial burden of proof rests on the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must prove an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of no less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner

determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations his impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c), 416.920(e), 416.945(b)–(c). At the fourth step, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his amended alleged onset date. Tr. 16. At step two, the ALJ found that Plaintiff had the following severe impairments: lumbar spine degenerative disc disease, fibromyalgia, obesity, anxiety, posttraumatic stress disorder ("PTSD"), and borderline intellect. Tr. 17. At step three, the ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of a listed impairment. *Id.* The ALJ found that Plaintiff had an RFC to perform light work with the following limitations:

> [Plaintiff could] never crawl or climb ladders, ropes, or scaffolds.
> He can occasionally climb ramps and stairs, balance, stoop, kneel,
> and crouch. He can tolerate occasional exposure to extreme cold,
> vibration, and pulmonary irritants such as fumes, odors, dust,
> gases, and poor ventilation. [He] can tolerate no exposure to
> hazards
> such as unprotected heights and moving mechanical machinery. He
> can understand, remember, and carry out simple, routine tasks in a
> routine work setting involving no more than occasional workplace
> changes. He can never perform rapid pace assembly line work. He
> can tolerate occasional superficial interaction with the general
> public. [He] can tolerate occasional interaction with supervisors
> and co-workers, but not in a cooperative or team effort.

Tr. 20. At step four, the ALJ found that Plaintiff could not perform any past relevant work. Tr.

27. At step five, the ALJ found, given Plaintiff's age, education, work experience, and RFC,

there were jobs that existed in significant numbers in the national economy such that Plaintiff

could sustain employment despite his impairments. *Id*. The ALJ thus found Plaintiff was not

disabled under the Act. Tr. 28.

## DISCUSSION

Plaintiff asserts remand is warranted for two reasons: (1) the ALJ committed harmful

legal error by improperly evaluating Laurie Womack's medical opinion; and (2) the ALJ failed

to adequately develop the record. The Court addresses the arguments in turn.

## I.    Medical Opinion Evidence

As noted, Plaintiff challenges the ALJ's evaluation of Laurie Womack's medical opinion.

Pl.'s Br. 4–14, ECF No. 14. For disability claims filed on or after March 27, 2017, new

regulations for evaluating medical opinion evidence apply. *Revisions to Rules Regarding the*

*Evaluation of Medical Evidence* ("*Revisions to Rules*"), 2017 WL 168819, 82 Fed. Reg. 5844, at *5867–68 (Jan. 18, 2017).

The Ninth Circuit recently weighed in on the impact of the new regulations on existing Circuit caselaw. *See Woods v. Kijakazi*, 32 F.4th 785, 789 (9th Cir. 2022). Under the old regulations, in order to reject either a treating or an examining physician's opinion, ALJs were required to "provide 'clear and convincing reasons,' if the opinion [was] uncontradicted by other evidence, or 'specific and legitimate reasons' otherwise[.]" *Id.* In *Woods*, the Ninth Circuit held that "[t]he revised social security regulations [were] clearly irreconcilable with [its] caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant." *Id.* at 790. "Insisting that ALJs provide a more robust explanation when discrediting evidence from certain sources necessarily favors the evidence from those sources—contrary to the revised regulations." *Id.* at 792.

Under the revised regulations, ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The two most important factors in doing so are the opinion's "supportability" and "consistency." *Id.* ALJs must articulate "how [they] considered the supportability and consistency factors for a medical source's medical opinions . . . in [their] decision." 20 C.F.R. §§ 404.1520c(b)(2), 416.1520c(b)(2). With regard to supportability, the "more relevant the objective medical evidence and supporting explanations presented by a medical source are to support [their] medical opinion[], the more persuasive the medical opinions . . . will be." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). As to consistency, the "more consistent a medical opinion[] is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion[] . . . will be." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

In crafting their disability determination decisions, the Ninth Circuit has instructed ALJs "to use these two terms of art—'consistent' and 'supported'—with precision." *Woods*, 32 F.4th at 793 n.4. Thus, even under the new regulations "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Id.* at 792.[3]

Although *Woods* made clear that the hierarchy among physician's opinions no longer applies in this Circuit, the court did not address whether the new regulations upend the entire body of caselaw relating to medical evidence. The Court therefore concludes that the reasoning from cases unrelated to the treating physician rule remains good law. For example, it remains true that ALJs may not cherry-pick evidence in discounting a medical opinion. *See Ghanim*, 763 F.3d at 1162; *see also Holohan v. Massanari*, 246 F.3d 1195, 1207 (9th Cir. 2001) (reversing ALJ's selective reliance "on some entries in [the claimant's records while ignoring] the many others that indicated continued, severe impairment"). Nor may ALJs dismiss a medical opinion without providing a thorough, detailed explanation for doing so:

///

///

///

_____

[3] The new regulations also remove ALJs obligation to make specific findings regarding relationship factors, which include: the relationship with claimant; length of treating relationship; frequency of examinations; purpose of the treatment relationship; the existence of a treatment relationship; examining relationship; specialization; and "other factors." 20 C.F.R. §§ 404.1520c(c)(3)–(5), 416.920c(c)(3)–(5); *Woods*, 32 F.4th at 792. However, a discussion of relationship factors may be appropriate where "two or more medical opinions . . . about the same issue are . . . equally well-supported . . . and consistent with the record . . . but are not exactly the same." 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3). "In that case, the ALJ 'will articulate how [the agency] considered the other most persuasive factors.'" *Woods*, 32 F.4th at 792 (citation omitted).

> To say that medical opinions are not supported by sufficient
> objective findings or are contrary to the preponderant conclusions
> mandated by the objective findings does not achieve the level of
> specificity our prior cases have required, even when the objective
> factors are listed seriatim. The ALJ must do more than offer [their]
> own conclusions. [They] must set forth [their] own interpretations
> and explain why they, rather than the doctors', are correct.

*Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999) (citation

omitted). In other words, while the new regulations eliminate the previous hierarchy of medical

opinion evidence that gave special status to treating physicians, ALJs must still provide sufficient

reasoning for federal courts to engage in meaningful appellate review. *See Bunnell v. Sullivan*,

947 F.2d 341, 346 (9th Cir. 1991) (explaining that "a reviewing court should not be forced to

speculate as to the grounds for an adjudicator's rejection" of certain evidence); *see also Treichler

v. Commissioner of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) ("Although the ALJ's

analysis need not be extensive, the ALJ must provide some reasoning in order for us to

meaningfully determine whether the ALJ's conclusions were supported by substantial

evidence."). With these principles in mind, the Court turns to the ALJ's assessment of the

medical evidence.

  The sole medical opinion at issue is that of Psychiatric Mental Health Nurse Practitioner

("PMHNP") Womack, who Plaintiff argues the ALJ improperly evaluated. Pl.'s Br. 4. On

September 12, 2019, Plaintiff underwent a psychiatric disability evaluation conducted by

PMHNP Womack. Tr. 675. The provider thoroughly examined Plaintiff and reviewed his

PeaceHealth records, function report, legal and employment history, as well as his psychiatric

history. Tr. 675–680. PMHNP Womack also conducted a mental status examination and tested

Plaintiff's intellectual functioning, ultimately diagnosing Plaintiff with anxiety and panic

disorder, PTSD, and borderline intellectual functioning. Tr. 678–679.  PMHNP Womack opined

that Plaintiff's "ability to perform simple and repetitive tasks [was] fair" and his "ability to

perform work duties at a sufficient pace without special or addition instructions [was] limited,

[and that he] may need repeated instruction." Tr. 679. Plaintiff's ability to maintain regular

attendance and finish the workday without interruptions was fair and his ability to interact with

other workers and superiors and the public and adapt to usual stresses encountered at work was

limited. *Id*. PMHNP Womack also opined that Plaintiff had a low stress tolerance and angered

easily. Tr. 679–80. The provider also found that Plaintiff was "socially anxious with poor

interpersonal skills"; was "friendly but very nervous"; and had "poor eye contact" as well as

"very uncomfortable body language." *Id*.

ALJs may consider the medical evidence underlying a medical provider's opinion. *See* 20

C.F.R. §§ 404.1527(c)(3), 416.927(c)(3) ("The more a medical source presents relevant evidence

to support an opinion, particularly medical signs and laboratory findings, the more weight we

will give that opinion. The better an explanation a source provides for an opinion, the more

weight we will give that opinion."). ALJs may also discount a medical opinion that is

inconsistent with the evidence of record. *See Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595,

601 (9th Cir. 1999).

Here, the ALJ found PMHNP Womack's opinion "not persuasive" because the opinion

was "not consistent with the longitudinal medical evidence, nor [was] it entirely supported by the

consultative examination findings." Tr. 26. In support of this conclusion, the ALJ referenced and

summarized various records PMHNP Womack relied on. *See* Pl.'s Br. 8–9 (citing to Tr. 26–27).

Plaintiff first asserts the ALJ failed to properly evaluate the persuasiveness of the opinion based

on its "supportability" and "consistency." Pl.'s Br. 7. The Court agrees.

The ALJ's references to the portions of the examination he disagreed with was inadequate because simply referencing specific sections of PMHNP Womack's opinion fell far short of meeting the ALJ's burden of articulating how the ALJ considered the opinion's supportability and consistency. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.1520c(b)(2). In other words, the ALJ did nothing more than offer his own conclusions and failed to set forth his own interpretations and explain why the ALJ, rather than the medical provider, was correct. *See Regennitter*, 166 F.3d at 1299. As such, the ALJ's rejection of PMHNP Womack's opinion was error.

### A.    RFC Formulation

The RFC is the most a person can do in light of his physical or mental impairments. 20 C.F.R. §§ 404.1545, 416.945. In formulating an RFC, the ALJ must consider all medically determinable impairments, including those that are not "severe," and evaluate "all of the relevant medical and other evidence." *Id.*; SSR 96-8p, *available at* 1996 WL 374184. An ALJ may rely on the testimony of a vocational expert ("VE") to determine whether a claimant retains the ability to perform past relevant work at step four, or other work in the national or regional economy at step five. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001). The ALJ is required to include only those limitations that are supported by substantial evidence in the hypothetical posed to a VE. *See id.* at 1163–65. In other words, limitations supported by substantial evidence must be incorporated into the RFC and, by extension, the dispositive hypothetical question posed to the VE. *Osenbrock*, 240 F.3d at 1163–65.

Plaintiff assigns error to the RFC analysis. Specifically, Plaintiff contends that the ALJ "did not consider [PMHNP] Womack's finding of Plaintiff's limited ability to perform work

duties at a sufficient pace without special or additional instructions and the fact that he may need

repeated instruction." Pl.'s Br. 7. The Court agrees.

Here, the ALJ failed to incorporate all of Plaintiff's limitations into the RFC and, further,

into the dispositive hypothetical posed to the VE. The RFC read as follows:

> The claimant has the residual functional capacity to perform light
> work as defined in 20 CFR 416.967(b), except he can never crawl
> or climb ladders, ropes, or scaffolds. He can occasionally climb
> ramps and stairs, balance, stoop, kneel, and crouch. He can tolerate
> occasional exposure to extreme cold, vibration, and pulmonary
> irritants such as fumes, odors, dust, gases, and poor ventilation.
> The claimant can tolerate no exposure to hazards such as
> unprotected heights and moving mechanical machinery. **He can
> understand, remember, and carry out simple, routine tasks in
> a routine work setting involving no more than occasional
> workplace changes. He can never perform rapid pace assembly
> line work. He can tolerate occasional superficial interaction
> with the general public. The claimant can tolerate occasional
> interaction with supervisors and co-workers, but not in a
> cooperative or team effort**.

Tr. 20 (emphasis added). Plaintiff correctly notes that the restrictions in bold "do not account for

the need for special, additional, or repeated instructions." Pl.'s Rep. Br. 5. Further, PHMNP

Womack's opinion was not vague, as it included concrete functional limitations based on a

detailed interview, clinical evaluation, and comprehensive review of Plaintiff's treatment history.

*See* Tr. 26–27.

An ALJ may rely on the testimony of a VE at step five. 20 C.F.R. §§ 404.1566, 416.966.

However, an ALJ may rely on a VE's testimony only where such testimony is based on a

hypothetical that "contain[s] all of the limitations that the ALJ found credible and supported by

substantial evidence in the record." *Bayliss,* 427 F.3d at 1217. Where an ALJ's hypothetical is

based on a residual functional capacity assessment that does not include some of the claimant's

limitations, the VE's testimony "has no evidentiary value." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1166 (9th Cir. 2008).

Here, the ALJ's RFC failed to account for the need for special, additional, or repeated instructions. Tr. 679. The ALJ was therefore required to include these limitations in the hypothetical posed to the VE or provide legally sufficient reasons for disregarding the limitations contained in the opinion. Given the ALJ's failure to do so, the VE's opinion in this case lacks evidentiary value. *Carmickle*, 533 F.3d at 1166; *see also Ghanim*, 763 F.3d 1154, 1166 (9th Cir. 2014) (explaining that an ALJ's RFC determination was flawed where the ALJ improperly discounted medical evidence and therefore the reliance on the corresponding VE opinion was error). Accordingly, the ALJ's RFC formulation must therefore be reversed and this case be remanded.

## II.      Remand

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an award of benefits. *See, e.g.*, *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985). Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). The court first determines whether the ALJ committed legal error; and if so, the court must review the record and decide whether it is "fully developed, is free from conflicts and ambiguities, and all essential factual matters have been resolved." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (internal citation omitted). Second, the court considers whether further administrative proceedings would serve a "useful purpose." *Id*. at 407 (internal citation omitted). Third, if the court finds the record is fully developed and further administrative proceedings would not be useful, the court may credit the improperly discredited evidence as

true and determine whether the ALJ would find the claimant disabled in light of this evidence. *Id.* (internal citation omitted). If so, the court may remand the case for an award of benefits, although the court ultimately retains "discretion in determining the appropriate remedy." *Id.* at 407–08 (internal citation omitted).

Here, the Court concludes the ALJ committed legal error by improperly rejecting PMHNP Womack's medical opinion and failing to include all of Plaintiff's limitations in the RFC formulation. The Court finds, however, that remanding for further proceedings is the appropriate remedy as the record is ambiguous as to whether the ALJ would be required to find Plaintiff disabled on remand. Specifically, an independent review of the hearing transcript reveals the VE was never posed with a hypothetical that included the limitations from PHMNP Womack's examinations. Therefore, the Court is unable to conclude the ALJ would be required to find the claimant disabled upon remand.

Accordingly, the Court remands this case on an open record to: (1) accept or provide legally sufficient reasons for rejection PMHNP Womack's medical opinion; (2) accept or provide a new RFC formulation; and (3) conduct any further necessary proceedings.

## CONCLUSION

For these reasons, the Commissioner's decision denying Plaintiff's applications for SSI is REVERSED and this case is REMANDED for further proceedings consistent with this opinion and order.

IT IS SO ORDERED.

DATED this 14th day of March 2023.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge